Christopher **MITCHELL**, Plaintiff,

v.

**F/V JANICE, et al., Defendants.**

**Case No. C90–5074–JCC.**

United States District Court,
W.D. Washington,
at Seattle.

Sept. 21, 2011.

William E. Weigand, Seattle, WA, for Plaintiff.

Mark G. Beard, Lane Powell PC, Seattle, WA, for Defendants.

## ORDER

JOHN C. COUGHENOUR, District Judge.

This matter comes before the Court on the Court's order for Defendant James Gowdy to appear and show cause why he should not be found in civil contempt of this Court. (Dkt. No. 167.) Having thoroughly considered the briefing submitted, and having heard the parties at oral argument, the Court concludes that it lacks subject matter jurisdiction over Mr. Gowdy's alleged civil contempt. The Court therefore declines to proceed with an evidentiary hearing.

## I. BACKGROUND

The underlying dispute in this matter dates to the early 1990s. Plaintiff was injured on board the F/V Janice, a vessel owned and operated by Ocean Warrior, Inc. and Warrior Fleet, Inc. Mr. Gowdy served at the time as president of both corporations. Plaintiff brought a maritime *in rem* and *in personam* action in this Court in February 1990 against the vessel, Mr. Gowdy, and the corporate Defendants, and the Court thereafter issued a warrant for the arrest of the F/V Janice pending resolution of Plaintiff's claims. (Dkt. No. 8.) The parties stipulated to an interlocutory sale of the vessel, but the action in this Court was automatically stayed upon the filing of a Chapter 11 petition by Defendant Ocean Warrior in the U.S. Bankruptcy Court for the Southern District of Florida on August 28, 1990. (Dkt. No. 70.)

In February 1991, the bankruptcy court issued an order requiring that the F/V Janice remain in U.S. waters and put in only at its home port of Ilwaco, WA. Following the entry of that order, and pursuant to a stipulation of the parties, this Court released the vessel on May 30, 1991. (Dkt. No. 72.) The bankruptcy court also permitted Plaintiff to continue his personal injury action in this Court, which eventually tried the matter and entered judgment against the vessel and its owners in May 1992. (Dkt. No. 121.) Based on that judgment, the bankruptcy court ordered Defendant Ocean Warrior in August 1992 to deposit funds into the bankruptcy court registry as security for Plaintiff as judgment creditor. (Dkt. No. 173 at 10.) On September 11, 1992, the bankruptcy court found that the F/V Janice had not put in at Ilwaco and that the vessel's owners had failed to deposit funds in the court registry, in violation of that court's orders. (Dkt. No. 173 at 14–15.) The court therefore issued an Order of Seizure for the vessel and a Finding and Order of Contempt against Mr. Gowdy. (*Id.*)

Based on the bankruptcy court's findings, this Court issued a warrant for Mr. Gowdy's arrest. (Dkt. No. 140.) According to counsel for Mr. Gowdy, the F/V Janice still has not been located or seized. Mr. Gowdy, however, appeared before this Court through counsel on July 26, 2011 on this Court's order to show cause why he should not be held in contempt. The Court directed the parties to submit briefing on, *inter alia*, this Court's jurisdiction to proceed with an evidentiary hearing on Mr. Gowdy's alleged civil contempt.

## II. DISCUSSION

The power of a U.S. district court to sanction disregard of a validly issued order is firmly established. That power, however, does not extend beyond the

court's own authority: "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, *and none other*, as—... (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401 (emphasis added). Thus, the court against which contempt is committed has exclusive jurisdiction to punish for that contempt.

■ Here, the orders Mr. Gowdy is alleged to have violated were issued by the U.S. Bankruptcy Court for the Southern District of Florida. A thorough review of the docket in this matter reveals no order of this Court that Mr. Gowdy's conduct, as alleged by the parties, would have violated. In fact, Plaintiff appears to concede that the bankruptcy court's orders provide the antecedents for Mr. Gowdy's alleged contempt. (*See* Dkt. No. 173 at 5.) Plaintiff instead argues that jurisdiction over the F/V Janice was automatically returned to this Court upon the failure of the Defendants to deposit funds into the bankruptcy court's registry as ordered in August 1992. However, as explained above, this Court had previously released the vessel from arrest, and the Court did not subsequently re-arrest the vessel or place it in the custody of the U.S. Marshal. Rather, the bankruptcy court continued to assert jurisdiction over the F/V Janice and issued the Order of Seizure in September 1992. Thus, the Court has found no basis in its own orders for jurisdiction over a contempt action against Mr. Gowdy.

Plaintiff urges that this Court nonetheless has jurisdiction over a civil contempt proceeding because the bankruptcy court is a unit of the federal district court, and the district court is free to withdraw on its own motion any aspect of a case referred to the bankruptcy court. (*Id.* at 2.) While this is true, the statutory scheme governing designation of bankruptcy courts makes clear that bankruptcy courts are units of the district courts for the districts in which they sit. *See* 28 U.S.C. § 151. An order of a bankruptcy court therefore "constitutes an Order of both the bankruptcy court *and* the district court for the district encompassing the bankruptcy court from which the Order emanated." *United States v. Guariglia*, 962 F.2d 160, 163 (2d Cir.1992) (emphasis in original). As the U.S. Bankruptcy Court for the Southern District of Florida is a unit of the U.S. District Court for the Southern District of Florida, this Court does not have the power to withdraw cases or proceedings before that bankruptcy court. Likewise, jurisdiction to punish contempt of the bankruptcy court's orders lies with that court and the U.S. District Court for the Southern District of Florida.

Plaintiff also contends that civil contempt is not a "core proceeding" over which bankruptcy courts have jurisdiction. *See* 28 U.S.C. § 157(b)(2). But bankruptcy courts plainly have the authority to exercise civil contempt power. *See* 11 U.S.C. 1105(a) ("No provision of this title ... shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."). Moreover, under 28 U.S.C. § 157(b)(2)(A), core proceedings include "matters concerning the administration of the estate," a broad category that can easily extend to a bankruptcy court's actions in enforcing compliance with its orders. *See In re Lehtinen*, 564 F.3d 1052, 1057 (9th Cir.2009). Here, the bankruptcy court's orders Mr. Gowdy allegedly violated were intended to protect Plaintiff's interest in the debtor's estate and therefore fell within the ambit of a core proceeding.

Finally, Plaintiff argues that this Court has jurisdiction to adjudicate Mr. Gowdy's

alleged civil contempt based on the inherent power of federal district courts to execute their judicial powers and functions. (Dkt. No. 170 at 7–8.) The Supreme Court has held that a district court's inherent power "reaches both conduct before the court and that beyond the court's confines." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The Court in *Chambers* emphasized that statutory schemes governing the power of the district courts do not displace the courts' inherent power, *id.* at 46, 111 S.Ct. 2123, but it also recognized that the inherent power of lower federal courts can be limited by statute, as those courts were created by an act of Congress. *Id.* at 47, 111 S.Ct. 2123. Here, the power of this Court is limited to punishing contempt of its own authority "and none other." *See* 18 U.S.C. § 401. As the orders that Mr. Gowdy allegedly violated were not issued under this Court's authority, the Court lacks subject matter jurisdiction over civil contempt proceedings against Mr. Gowdy.

Nothing herein should prevent Plaintiff from seeking equivalent relief from the U.S. Bankruptcy Court for the Southern District of Florida.

### III. CONCLUSION

For the foregoing reasons, the Court CONCLUDES that it lacks subject matter jurisdiction over Mr. Gowdy's alleged civil contempt and therefore declines to proceed with an evidentiary hearing. The Court DIRECTS the Clerk of this Court to provide a copy of this Order to the Clerk of the U.S. Bankruptcy Court for the Southern District of Florida.